United States District Court
Southern District of Texas
**ENTERED**
September 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL ACTION NO. H-17-567-1 |
| | § |
| RONALD DONNELL BROWN, | § |
| | § |
| Defendant. | § |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Brown's Supplemental Motion for Issuance of [Rule} 17(c) Subpoena ("Supplemental Motion for Rule 17(c) Subpoena") (Docket Entry No. 278). For the reasons stated below, Brown's Motion for Rule 17(c) Subpoena will be granted in part and denied in part.

### I. Background

On June 22, 2022, Defendant Brown filed a Motion to Issue Rule 17(b) Subpoena or Court Order (Docket Entry No. 253) under Federal Rule of Criminal Procedure 17(b), and on June 23, 2022, Defendant Brown filed a Corrected Motion to Issue Rule 17(b) Subpoena or Court Order (Docket Entry No. 256). Brown's Corrected Motion for Rule 17(b) Subpoena sought records from the Department of Homeland Security, the Drug Enforcement Administration, the Federal Bureau of Investigation, the Houston Police Department, and AT&T Corporation. From AT&T Corporation Brown sought Call Data Records ("CDRs") for 18 individuals. At a hearing held on April 20, 2023, the court ruled Brown's Corrected Motion for Rule 17(b) Subpoena

moot, but allowed Brown to file an amended Rule 17 motion by May 19, 2023, and allowed the Government to reply by June 2, 2023.[1]

On May 19, 2023, Brown filed the pending Supplemental Motion for Rule 17(c) Subpoena. Brown's pending motion seeks an order directing AT&T Corp. National Information Services, 7125 Columbia Gateway Drive, Columbia, MD 21046, to produce

> 3. . . . all call detail records (CDR)[,] including cell-site location (CSLI) records, and any analysis undertaken by Hemisphere[2] on these numbers for the time period 8/1/2013 (Jeffrey Hughes money seizure) - 7/31/2014 (Celestine murder). . .
>
> 4. Counsel is now seeking to obtain information regarding the following phone numbers:
>
>    a. <u>Govt Witness #11 David Roberts</u> ["Roberts"]: 281-702-2773 - AT&T; and 713-775-2106 - AT&T
>
>    b. <u>Govt Witness #23 Elmer James Cathey Sr.</u> ["Cathey"]: 713-384-5079 - T-Mobil; and 832-362-0777
>
>    c. <u>Govt Witness #13 Eric Williams</u> ["Williams"]: 832-721-0754 - Sprint; and 281-216-2630 - AT&T
>
>    d. <u>Complainant Celestine, Marcus</u> ["Marcus"]: 832-714-7097 - Sprint and 832-338-8715 - Sprint
>
>    e. <u>Govt Witness #49 Ralph Risher</u> ["Risher"]: 832-496-1886 Verizon Wireless; and 281-409-2882 - Verizon Wireless; and 916-822-1210 - Sprint

---

[1]Minutes for Hearing Held on April 20, 2023, Docket Entry No. 275.

[2]Brown states that Hemisphere is a division of AT&T Corp. also known as National Information Systems. Supplemental Motion for Rule 17(c) Subpoena, Docket Entry No. 278, p. 2 ¶ 5. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

2

  f. <u>Govt Witness #4 Jeffrey Hughes</u> ["Hughes"]: 832-906-9909 - Verizon; and 281-235-5889 - T-Mobil
  g. <u>Govt Witness #46 Janis White</u>["White":] - 281-687-7374[.][3]

## II. **Analysis**

Brown argues that

> National Information Systems (NIS), also known as Hemisphere, is a division of AT&T Corp. NIS uses AT&T proprietary information. The Government has a contract with AT&T to have access to AT&T information. The information is proprietary to AT&T and is not owned by the Government. NIS maintains all [CDRs] including [CSLI] which passes through the AT&T switches, including calls involving other carriers or providers.[4]

Brown also moves the court to order the United States Marshals Service to serve the order and to order that the costs incurred by the process be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the Government.[5]

The Government has responded to the pending motion by reasserting "all relevant arguments made in its reply to the Defendant's original filing,"[6] in which the Government sought to

---

[3] <u>Id.</u> at 2 ¶¶ 3-4.

[4] <u>Id.</u> at 2-3 ¶ 5.

[5] <u>See</u> proposed Order, Docket Entry No. 278-1, p. 2.

[6] United States' Reply Concerning Defense's Supplemental Motion to Issue Rule 17(c) Subpoena or Court Order (Docket Entry No. 283), p. 1.

3

quash Brown's motion for CDRs for all parties related to his investigation, except for Risher and Celestine.[7]

## A. Applicable Law

Federal Rule of Criminal Procedure 17(c) states:

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

The party seeking access to data under a Rule 17(c) subpoena duces tecum bears the burden of showing that (1) the subpoenaed data are relevant, (2) admissible, and (3) have been requested with adequate specificity. United States v. Nixon, 94 S. Ct. 3090, 3103 (1974). In addition to the factors listed above, the Nixon Court adopted the test set out in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), requiring the party seeking a Rule 17(c) subpoena to show: (1) that the data are evidentiary; (2) the data are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (2) production and inspection in advance

---

[7]United States' Reply Concerning Defense's Motion to Issue Rule 17(b) Subpoena or Court Order ("Government's Reply"), Docket Entry No. 273, pp. 4-5, and 10.

4

of trial is necessary to properly prepare for trial and prevent delay; and (3) the application is made in good faith and is not intended as a general "fishing expedition." Nixon, 94 S. Ct. at 3103. See also United States v. Arditti, 955 F.2d 331, 345(5th Cir.), cert. denied, 113 S. Ct. 597 (1992) (same).

## B. Application of the Law to the Facts

### 1. Relevancy

Relevancy requires the moving party to show a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment." Arditti, 955 F.2d at 345 (citing Nixon, 94 S. Ct. at 3103). "Relevant evidence" means evidence having "any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Brown is charged in a Superseding Indictment (Docket Entry No. 130) with being the leader and manager of a drug organization operating out of Houston, Texas, that participated in the sale, distribution, transport, and trafficking of illegal narcotics, including cocaine and marijuana, as well as the collection of financial proceeds for this drug organization. The Superseding Indictment alleges that in order to perpetuate his drug trafficking, Brown and members of his organization committed acts of violence, including assault, kidnaping, and murder. The

Superseding Indictment charges Brown with multiple offenses including conspiracy to commit murder for hire (Count 1), intentional killing while engaged in drug trafficking (Count 2), conspiracy to distribute and posses with intent to distribute cocaine from January 2012 to January 2016 (Count 7), and solicitation to commit murder (Count 12).

Brown has summarized the expected testimony of each of the Government witnesses for whom he seeks CDRs and explained how the data sought will be relevant to corroborate or refute their expected testimony.[8] For example, Brown states that five of the government witnesses (Witness #11, Roberts; Witness #4, Hughes; Witness #23, Cathy; Witness #49, Risher; and Witness #13, Williams) are expected to testify that they helped Brown transport narcotics and money, and that CDR, including CSLI, for them will help Brown discredit their testimony. Although Brown also seeks "any analysis undertaken by Hemisphere on these numbers," Brown fails to show that any analysis would be relevant to any charges in the Superseding Indictment. Brown's description of the testimony that these five government witnesses are expected to provide and the reasons why he is seeking CDR, including CSLI data for their cellular numbers establish a "sufficient likelihood" that the CDR data, but not any analysis undertaken by Hemisphere, is relevant to

---

[8]Supplemental Motion for Rule 17(c) Subpoena, Docket Entry No. 278, pp. 3-4 ¶ 6.a-f.

the offense of conspiracy to distribute and posses with intent to distribute cocaine from January 2012 to January 2016 charged in Count 7 of the Superseding Indictment.[9]

Brown states that Witness # 49, Risher, has provided inconsistent statements regarding his role in helping Brown murder Celestine, and that CDR, including CSLI, for Risher will help Brown show that Risher is misstating material facts regarding the time and location of events. Brown also alleges that numerous government witnesses have stated that the motive for Celestine's murder was Celestine's robbery of a shipment of drugs from Brown's driver, Roberts, and that CDR, including CSLI, for Celestine will either corroborate or contradict Celestine's presence at the scene of the drug robbery and thus the motive for his murder. Although Brown also seeks "any analysis undertaken by Hemisphere on these numbers," Brown fails to show that such analysis would be relevant to any charges in the Superseding Indictment. Brown's description of the testimony that Risher is expected to give regarding his role in Celestine's murder, and Brown's description of the alleged motivation for Celestine's murder, and the reasons why Brown is seeking CDR, including CSLI, for Risher and Celestine establish a "sufficient likelihood" that the CDR, including CSLI, but not any analysis undertaken by Hemisphere on these numbers, is relevant to

---

[9] See Government's Reply, Docket Entry No. 273, pp. 4 and 10 (agreeing that CDR data sought for Risher are relevant to at least one of the offenses with which Brown is charged).

the offenses of conspiracy to commit murder for hire charged in Count 1, intentional killing while engaged in drug trafficking charged in Count 2, and solicitation to commit murder charged in Count 12 of the Superseding Indictment.[10]

Brown states that Witness # 46, White, Brown's parole officer, testified before the grand jury about providing Brown with Celestine's parole appointment date and time, and that CDR, including CSLI, for White will help Brown discredit her testimony. Although Brown also seeks "any analysis undertaken by Hemisphere" on this number, Brown fails to show that such analysis would be relevant to any charges in the Superseding Indictment. Brown's description of the testimony that White is expected to provide and the reason for which he seeks CDR data, including CSLI, for White establish a "sufficient likelihood" that the requested CDR, including CSLI, but not any analysis undertaken by Hemisphere, is relevant to murder charges in the Superseding Indictment.

2. Admissibility

Admissibility requires a movant to make a "sufficient preliminary showing that [the requested data] contains evidence admissible with respect to the offenses charged in the indictment." Nixon, 94 S. Ct. at 3104. "Rule 17's admissibility requirement

---

[10]See id. at 4-5 and 10 (agreeing that CDR data sought for Risher and Celestine are relevant to offenses with which Brown is charged).

8

does not require the court to make a determination that the requested [data] are admissible — only that they may reasonably be used as admissible evidence." United States v. Moultrie, No. 3:08-CR-14, 2008 WL 3539745, at *3 (N.D. Miss. August 8, 2008) (citing Nixon, 94 S. Ct. at 3104). Moreover, there is no requirement that all requested data be used as evidence. Id. (citing Bowman Dairy Co. v. United States, 71 S. Ct. 675, 678 (1951)). Because Brown's Supplemental Motion for Rule 17(c) Subpoena makes a sufficient preliminary showing that CDR, including CSLI, for the cellular numbers identified in the motion are relevant, the court concludes that data would be generally admissible. See Fed. R. Evid. 402 ("Relevant evidence is admissible unless [otherwise provided]."). Absent any specific objection from the Government as to admissibility, the court has no reason to conclude that the requested data would be inadmissible. See United States v. Potts, No. H-16-CR-147-01, 2017 WL 1314193, at *3 (S.D. Tex. April 6, 2017) (reaching same conclusion under analogous circumstances). However, because Brown has failed to show that any analysis undertaken by Hemisphere on the identified numbers would be relevant, the court has no basis on which to conclude any such analysis would be admissible.

3. Specificity

A request is specific when the "description contains sufficient details to identify the particular materials sought and demonstrates a request for evidence, and not an improper attempt to

9

expand discovery." United States v. Carriles, 263 F.R.D. 400, 405 (W.D. Tex. 2009) (citing Nixon, 94 S. Ct. at 3103, and Arditti, 955 F.2d at 346). Specificity serves to prevent a subpoena from being converted into a license for a "fishing expedition to see what may turn up." Bowman Dairy, 71 S. Ct. at 679 ("Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). "The specificity requirement is intended to provide the subpoenaed party with enough knowledge about the [data] being requested to lodge objections based on relevancy and admissibility." Potts, 2017 WL 1314193, at *2 (citing United States v. Ruedlinger, 172 F.R.D. 453, 456 (D. Kan. 1997)).

Brown's request in the pending motion for discrete subject matter, i.e., CDR, including CSLI, for 14 specific cellular phone numbers tied to six specifically identified government witnesses and to the murder victim, for a discrete period of time, i.e., from August 1, 2013, to July 31, 2014, is sufficiently specific to provide the subpoenaed party with enough knowledge to lodge objections based on relevancy and admissibility, and to persuade the court that it is not an improper attempt to expand discovery.[11] But

---

[11]See id. at 7-8 (objecting to Brown's initial request for CDR data as not sufficiently specific because it sought CDR data for 18 individuals without providing any phone numbers, carrier names, date ranges, or other identifying information — omissions that do (continued...)

Brown's request for "any analysis undertaken by Hemisphere on these numbers," is neither sufficiently specific to provide the subpoenaed party enough knowledge to lodge objections based on relevancy or admissibility, nor sufficiently specific to persuade the court that it is not an improper attempt to expand discovery. Accordingly, the court concludes that Brown's request for CDR, including CSLI, for 14 cellular numbers satisfies Rule 17(c)'s specificity requirement but that his request for "any analysis undertaken by Hemisphere on these numbers" does not satisfy that specificity requirement.

4. The *Iozia* Factors

For the reasons stated above, the court concludes that Brown's request for CDR, including CSLI, for the 14 cellular numbers identified in the Supplemental Motion for Rule 17(c) Subpoena are evidentiary and relevant, but that Brown's request for "any analysis undertaken by Hemisphere on these numbers" is neither relevant nor evidentiary. Absent a specific showing to the contrary, the court accepts Brown's assertion that the CDR, including CSLI, are not otherwise procurable reasonably in advance of trial by the exercise of due diligence. The court also concludes that Brown has shown that the production and inspection of the CDR, including CSLI, in advance of trial is necessary to

---

[11](...continued)
not exist in Brown's Supplemental Motion for Rule 17(c) Subpoena.

11

prepare for trial and may prevent unreasonable delay of trial. Finally, the court concludes that Brown's application for CDR, including CSLI, for the 14 cellular numbers identified in the Supplemental Motion for Rule 17(c) Subpoena is made in good faith and is not intended as a general fishing expedition.

### III. Conclusions and Order

For the reasons stated above, the court concludes that Brown has met his burden of showing that CDR, including CSLI, for the 14 cellular numbers identified in the Supplemental Motion for Rule 17(c) Subpoena are relevant, admissible, and specifically identified, and that Brown's request for that data satisfies the Iozia test adopted by the Supreme Court in Nixon, 94 S. Ct. at 3103, but that Brown has not met his burden fo showing that "any analysis undertaken by Hemisphere on these numbers" is relevant, admissible, or specifically identified. Accordingly, Defendant's Supplemental Motion for Rule 17(c) Subpoena (Docket Entry No. 278) is **GRANTED in PART and DENIED in PART.**

AT&T Corp. National Information Services is **ORDERED** to produce to counsel for Defendant Brown within thirty (30) days from the entry of this Memorandum Opinion and Order:

> For the time period of September 1, 2013, through July 31, 2014, all call detail records and cell-site location information for the following individuals and cellular numbers:

a. <u>David Roberts</u>: 281-702-2773-AT&T; and 713-775-2106-AT&T

b. <u>Elmer James Cathey Sr.</u>: 713-384-5079-T-Mobil; and 832-362-0777

c. <u>Eric Williams</u>: 832-721-0754-Sprint; and 281-216-2630-AT&T

d. <u>Marcus Celestine</u>: 832-714-7097-Sprint and 832-338-8715-Sprint

e. <u>Ralph Risher</u>: 832-496-1886-Verizon Wireless; 281-409-2882-Verizon Wireless; and 916-822-1210-Sprint

f. <u>Jeffrey Hughes</u>: 832-906-9909-Verizon; and 281-235-5889-T-Mobil

g. <u>Janis White</u>: 281-687-7374.

The United States Marshals Service is **ORDERED** to serve this Memorandum Opinion and Order on AT&T Corp. National Information Services, 7125 Columbia Gateway Drive, Columbia, MD 21046. The court also **ORDERS** that the costs incurred by the process shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed on behalf of the government.

**SIGNED** at Houston, Texas, on this 1st day of September, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE