United States District Court
Southern District of Texas

**ENTERED**

January 24, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-17-567-01 |
| | § | |
| RONALD DONELL BROWN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On October 31, 2023, a jury convicted Ronald Donnell Brown ("Defendant") of crimes connected to his drug trafficking business, including conspiracy to commit murder for hire.[1]  Pending before the court is Defendant's Motion for Judgment of Acquittal ("Defendant's Motion for Acquittal") (Docket Entry No. 368).  For the reasons stated below, Defendant's Motion for Acquittal will be denied.

## I.  Background

On November 7, 2018, a grand jury charged Defendant in a twelve-count Superseding Indictment.[2]  Count One alleged that Defendant and codefendant Clyde Williams "did conspire with one

---

[1]Superseding Indictment, Docket Entry No. 130, pp. 5, 12-17; [Supplemental] Verdict Form, Docket Entry No. 353.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.  The court refers to the Unites States of America as "the Government."

[2]Superseding Indictment, Docket Entry No. 130.

another . . . to use . . . facilities of interstate or foreign commerce . . . with the intent that a murder be committed . . . as consideration for the receipt of . . . anything of pecuniary value, resulting in the death of Marcus Celestine, in violation of [18 U.S.C. § 1958]."[3]   Count Three alleged that Defendant and codefendant Clyde Williams "did aid and abet each other and did knowingly use, carry, brandish, and discharge a firearm . . . during and in relation to a crime of violence . . . (namely the conspiracy to commit murder for hire of Marcus Celestine, as set forth in Count One . . .)."[4]

During trial the Government made an oral motion to dismiss Counts Eight through Twelve, which the court granted.[5]   At the close of evidence, Defendant orally moved for a judgment of acquittal based on the sufficiency of the evidence as to all remaining counts.[6]   Defendant also argued that Count Three failed because Count One, a conspiracy offense, is not a crime of violence as defined in 18 U.S.C. § 924(c)(3).   The Government opposed the

---

[3]Id. at 5 (emphasis added).

[4]Id. at 12.

[5]Hearing Minutes and Order (Charge Conference), Docket Entry No. 335.   The Government moved to dismiss these counts after the court granted Defendant Brown's Second Amended Motion to Suppress Warrantless Residence Search (Docket Entry No. 329).   See Memorandum Opinion and Order, Docket Entry No. 359, p. 11.

[6]Defendant states that he also moved for a judgment of acquittal at the close of the Government's case.   The record does not reflect this, but Rule 29(c) allows for a judgment of acquittal to be sought after a jury's discharge whether or not it was raised at all during trial.   Fed. R. Crim. P. 29(c).

motion but requested time to research Defendant's objection to Count Three. The court denied the motion but stated that Defendant could reurge it following the jury's verdict.

Counts One through Seven were submitted to the jury.[7] The jury instructions for Count One stated that the Government had to prove:

> *First:* That the defendant conspired to use or conspired to cause another to use or affect a facility in interstate or foreign commerce;
>
> *Second:* That the defendant did so with the intent that murder be committed; and
>
> *Third:* That the defendant intended that the murder be committed in exchange for, receipt of, or as consideration of a promise or agreement to pay, anything of pecuniary value, <u>resulting in the death of Marcus Celestine.</u>
>
> *Fourth:* That <u>but for the defendant's actions, Marcus Celestine would not have died.</u>[8]

The jury found Defendant guilty of Counts One through Seven.[9] The charges and verdicts are summarized below:

| Count | Charge | Crime of Violence | Disposition |
|-------|--------|-------------------|-------------|
| One | Conspiracy to Commit Murder for Hire<br>18 U.S.C. § 1958 | | Guilty |
| Two | Intentional Killing while Engaged in Drug Trafficking<br>21 U.S.C. § 848(e)(1)(A) | | Guilty |

---

[7][Supplemental] Verdict Form, Docket Entry No. 354, pp. 1-2.

[8]Court's Charge to the Jury ("Jury Instructions"), Docket Entry No. 340, pp. 18-19 (emphasis added).

[9][Supplemental] Verdict Form, Docket Entry No. 354, pp. 1-2.

| Three | Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence Causing Death by Murder<br>18 U.S.C. § 924(c) and (j) | Count One | Guilty |
|---|---|---|---|
| Four | Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence Causing Death by Murder<br>18 U.S.C. § 924(c) and (j) | Count Two | Guilty |
| Five | Kidnapping<br>18 U.S.C. § 1201 | | Guilty |
| Six | Use, Carry, Brandish, and Discharge a Firearm During and in Relation to a Crime of Violence<br>18 U.S.C. § 924(c) | Count Five | Guilty |
| Seven | Conspiracy to Possess with Intent to Distribute Cocaine<br>21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846 | | Guilty |
| Eight | Attempted Tampering with a Witness<br>18 U.S.C. § 1512 | | Dismissed |
| Nine | Attempted Tampering with a Witness<br>18 U.S.C. § 1512 | | Dismissed |
| Ten | Attempted Tampering with a Witness<br>18 U.S.C. § 1512 | | Dismissed |
| Eleven | Attempted Obstruction of an Official Proceeding<br>18 U.S.C. § 1512(c)(2) | | Dismissed |
| Twelve | Solicitation to Commit Murder<br>18 U.S.C. § 373 | | Dismissed |

Defendant filed the pending Motion for Acquittal on November 10, 2023, and the Government responded on December 12, 2023.[10] Defendant reurges his sufficiency of the evidence challenge and his argument that Count Three improperly relies on Count One as a crime of violence.

___

[10]Defendant's Motion for Acquittal, Docket Entry No. 368; United States' Response to Defendant's Motion for Judgment of Acquittal ("Government's Response"), Docket Entry No. 379.

-4-

## II. **Legal Standard**

Federal Rule of Criminal Procedure 29(a) states that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "In assessing a challenge to the sufficiency of the evidence, we must determine 'whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>United States v. Pruett,</u> 681 F.3d 232, 238 (5th Cir. 2012) (quoting <u>Jackson v. Virginia,</u> 99 S. Ct. 2781, 2789 (1979)). "The credibility of the witnesses and the weight of the evidence is the exclusive province of the jury." <u>United States v. Garcia,</u> 995 F.2d 556, 561 (5th Cir. 1993).

Defendant's claim that conspiracy to commit murder for hire "is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3) is a pure question of law that can be decided without reference to the trial evidence." <u>See United States v. Cruz-Rivera,</u> Criminal No. 3:15-CR-00486 (JAF), 2015 WL 6394416, at *1 (D.P.R. Oct. 21, 2015), aff'd, 904 F.3d 63 (1st Cir. 2018).

## III. **Analysis**

### A. **Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence on all counts. Defendant does not present any arguments or authority regarding what elements the Government failed to prove.

Nevertheless, the court has carefully reviewed the Superseding Indictment, the trial record, and the Jury Instructions. The court concludes that the Government presented sufficient evidence to prove the elements of each count of conviction beyond a reasonable doubt.

## B.   Whether Count One is a Valid Predicate for Count Three

Count Three charged Defendant with aiding and abetting the use of a firearm during and in relation to Count One.[11]   Section 924(c)(1)(A) authorizes penalties for "any person who, <u>during and in relation to any [federal] crime of violence</u> . . . uses or carries a firearm . . ." (emphasis added). A "crime of violence" is defined as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . ." 18 U.S.C. § 924(c)(3)(A).[12] The parties disagree whether Count One (Conspiracy to Commit Murder for Hire - § 1958) meets this definition. If it does not, Count Three would fail as a matter of law.

---

[11]Superseding Indictment, Docket Entry No. 130, p. 12.

[12]In <u>United States v. Davis</u>, 139 S. Ct. 2319, 2336 (2019), the Court held that § 924(c)(3)(B), the second category of crimes of violence for purpose of § 924(c)(1)(A), is unconstitutionally vague and therefore void.   The court therefore cannot rely on previous cases such as <u>United States v. Walker</u>, 596 F. App'x 302, 314 (5th Cir. 2015) (per curiam) that held § 1958 conspiracy is a crime of violence based on § 924(c)(3)(B).   The court must determine whether the crime falls within § 924(c)(3)(A), often referred to as the elements clause or the force clause.

To determine whether an offense is a crime of violence, courts "must apply a 'categorical approach.'" <u>United States v. Taylor,</u> 142 S. Ct. 2015, 2020 (2022). The categorical approach "requires us to look at the elements of an offense, rather than the specific facts of a case." <u>United States v. Bowens,</u> 907 F.3d 347, 353 n.10 (5th Cir. 2018) (citation omitted). "The only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." <u>Taylor,</u> 142 S. Ct. at 2020.

The Court has clarified that "the use, attempted use, or threatened use of physical force against the person of another" does not include offenses that criminalize reckless, negligent, or accidental uses of force. <u>Borden v. United States,</u> 141 S. Ct. 1817, 1824 (2021) (plurality)[13]; <u>Leocal v. Ashcroft,</u> 125 S. Ct. 377, 383 (2004).[14]

---

[13]<u>Id.</u> at 1825 ("We must decide whether the elements clause's definition of 'violent felony'—an offense requiring the 'use of physical force against the person of another'—includes offenses criminalizing reckless conduct. We hold that it does not."). There was no majority opinion in <u>Borden.</u> But the plurality opinion and the concurrence agreed that § 924(c)(3)(A) does not apply to reckless-use-of-force offenses, differing only as to which part of the statutory text compels this conclusion. <u>Borden,</u> 141 S. Ct. at 1826 (plurality); <u>id.</u> at 1835 (Thomas, J., concurring in the judgment); <u>see also United States v. Gomez Gomez,</u> 23 F.4th 575, 577 n.1 (5th Cir. 2022) (stating that <u>Borden's</u> lack of a majority opinion does not affect its holding).

[14]<u>Leocal</u> held that negligent or accidental uses of force do not qualify.

-7-

The categorical approach ignores the defendant's conduct and focuses on the "least culpable" conduct necessary to commit an offense. <u>United States v. Carrasco-Tercero,</u> 745 F.3d 192, 198 (5th Cir. 2014). But it "is not an invitation to apply legal imagination to the [] offense; there must be a realistic probability, not a theoretical possibility, that the [government] would apply its statute to conduct that falls outside the use-of-force clause." <u>United States v. Burris,</u> 920 F.3d 942, 947 (5th Cir. 2019) (brackets and internal quotation marks omitted), <u>vacated on other grounds,</u> 141 S. Ct. 2781 (2021).

Defendant argues that Count One is not a crime of violence because physical force is not an element of conspiracy offenses, including murder-for-hire conspiracy.[15]  The Government responds that the text of § 1958 is divisible, containing multiple versions of murder-for-hire conspiracy.[16]  The Government argues that the version it charged is not a normal conspiracy offense because it adds an element—that the conspiracy resulted in a death.[17]  The Government argues that because death is an element, physical force is necessarily an element.[18]

_____

[15]Defendant's Motion for Acquittal, Docket Entry No. 368, p. 3 ¶ 9.

[16]Government's Response, Docket Entry No. 379, p. 3.

[17]<u>Id.</u> at 4.

[18]<u>Id.</u> at 4-5 ("Consequently, conspiracy to commit murder for hire where death results necessarily involves the use of physical force and therefore has as an element the use of force.").

1.   <u>Whether § 1958 Is Divisible</u>

Before applying the categorical approach, "courts first look to the text of the statute at issue to determine if it is 'divisible.'" <u>United States v. Powell</u>, 78 F.4th 203, 206 (5th Cir. 2023). That is because "a single statute may create multiple, distinct crimes, some violent, some non-violent." <u>United States v. Garrett</u>, 24 F.4th 485, 488 (5th Cir. 2022). A criminal statute is "divisible" if it "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building <u>or</u> an automobile." <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2281 (2013). But courts must take care to distinguish statutes that list alternative <u>elements</u> from statutes that list alternative <u>means</u>. "[I]f a statute sets forth only various means of committing the offense, it is not divisible, but if the statute sets forth more than one offense by including alternative elements of each offense, then the statute is divisible." <u>United States v. Howell</u>, 838 F.3d 489, 497 (5th Cir. 2016).

Section 1958(a) states:

> Whoever . . . uses . . . any facility of interstate or foreign commerce, with intent that a murder be committed . . . for . . . anything of pecuniary value, or who conspires to do so, shall be . . . imprisoned for not more than ten years, . . .; and if personal injury results, shall be . . . imprisoned for not more than twenty years, . . .; <u>and if death results,</u> shall be punished by death or life imprisonment . . .

18 U.S.C. § 1958(a) (emphasis added). The Government argues that the alternative punishments make § 1958 divisible.[19]   Defendant

---

[19]Government's Response, Docket Entry No. 379, p. 3.

argues that § 1958 includes only one set of elements with multiple punishment options.[20]

"If statutory alternatives carry different punishments, then under [Apprendi v. New Jersey, 120 S. Ct. 2348 (2000)] they must be elements." Mathis v. United States, 136 S. Ct. 2243, 2256 (2016). The Fifth Circuit has held that the federal kidnapping statute is divisible because it carries an enhanced penalty for kidnappings that result in death. In re Hall, 979 F.3d 339, 344 (5th Cir. 2020) (citing 18 U.S.C. § 1201(a)) ("[W]e conclude that kidnapping resulting in death is a different offense than generic kidnapping.").

Because § 1958 includes greater punishment for the occurrence of personal injury or death, personal injury and death are elements of different offenses. The court concludes that § 1958 is divisible, containing three conspiracy offenses: murder-for-hire conspiracy, murder-for-hire conspiracy resulting in personal injury, and murder-for-hire conspiracy resulting in death.[21]

### 2. Applying the Modified Categorical Approach

Where the Government relies on a divisible statute as a crime of violence, the court must determine which version was charged. To do so, the court applies the "'modified categorical approach.'"

---

[20]Defendant's Motion for Acquittal, Docket Entry No. 368, pp. 5-6 ¶ 16.

[21]The statute contains other non-conspiracy versions not at issue here. See United States v. Runyon, 994 F.3d 192, 202 (4th Cir. 2021).

Mathis v. United States, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach allows the court to go beyond the statute and consider "'charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms' . . ." In re Hall, 979 F.3d at 343 (emphasis in original) (quoting Johnson v. United States, 130 S. Ct. 1265, 1273 (2010)). This does not transform the crime-of-violence inquiry into a factual evaluation of the defendant's conduct. See Descamps, 133 S. Ct. at 2288. Instead, it "merely assists the [] court in identifying the defendant's crime of conviction." Id.

The Government argues that Count One charged murder-for-hire conspiracy resulting in death. The Jury Instructions explicitly stated the elements the jury had to find to convict Defendant on Count One. The Jury Instructions stated that for Defendant to be found guilty of Count One, the Government had to prove that Defendant intended a murder be committed in exchange for payment, "resulting in the death of Marcus Celestine" and "[t]hat but for the defendant's actions, Marcus Celestine would not have died."[22] Count One therefore charged Defendant with murder-for-hire conspiracy resulting in death.

---

[22]Jury Instructions, Docket Entry No. 340, pp. 18-19. This is consistent with the Superseding Indictment's description of Count One, which alleges that the conspiracy "result[ed] in the death of Marcus Celestine." Superseding Indictment, Docket Entry No. 130, p. 5.

-11-

3.   Whether Murder-for-Hire Conspiracy Resulting in Death Requires
     The Use of Physical Force Against Another

The elements of murder-for-hire resulting in death are (1) travel in or use of any facility of interstate commerce; (2) with the intent that a murder be committed (3) for anything of pecuniary value; (4) resulting in death.  See United States v. Angleton, 221 F. Supp. 2d 696, 705 (S.D. Tex. 2002).  The elements of conspiracy to commit murder-for-hire are "(1) an agreement by two or more persons to achieve the unlawful purpose of [interstate] murder-for-hire; (2) the defendant's knowing and voluntary participation in the agreement; and (3) an overt act committed by any one of the conspirators in furtherance of the conspiratorial object," United States v. Blackthorne, 378 F.3d 449, 453 (5th Cir. 2004).

There is substantial authority that a basic § 1958 conspiracy charge (i.e. a charge without the death or personal injury elements) is not a crime of violence.[23]  But the Government argues that the death-results element necessarily requires the use of

---

[23]E.g., United States v. Cordero, 973 F.3d 603, 625 (6th Cir. 2020); Dota v. United States, 368 F. Supp. 3d 1354, 1361 (C.D. Cal. 2018).  The Government has conceded elsewhere that a basic § 1958(a) conviction is not a crime of violence.  See United States v. Linehan, 56 F.4th 693, 706 (9th Cir. 2022) ("We lastly consider whether a violation of 18 U.S.C. § 1958(a) qualifies as a crime of violence under § 373(a). The government now concedes it does not.").  There is also authority more generally that conspiracy offenses are not crimes of violence.  See United States v. Davis, 903 F.3d 483, 485 (5th Cir. 2018) (per curiam) ("[C]onspiracy to commit an offense is merely an agreement to commit an offense."), vacated in part on other grounds, 139 S. Ct. 2319 (2019); United States v. Reece, 938 F.3d 630, 636 (5th Cir. 2019), as revised (Sept. 30, 2019) ("That the object crime of the conspiracy constituted a [crime of violence] is irrelevant.").

-12-

physical force against another, citing <u>United States v. Runyon,</u> 994 F.3d 192 (4th Cir. 2021).

<u>Runyon</u> concerned the exact legal question presented here: Is murder-for-hire conspiracy resulting in death a crime of violence under § 924(c)(3)(A). The Fourth Circuit held that it is a crime of violence. <u>Id.</u> at 203. The Fourth Circuit held that § 1958 is divisible, applied the modified categorical approach, and determined that the defendant was convicted of murder-for-hire conspiracy resulting in death. <u>Id.</u> at 202–03.

The court noted that "not every act that causes bodily injury or death amounts to the use of physical force as required by § 924(c)(3)'s force clause." <u>Id.</u> at 200. "[T]he phrase 'use of physical force' in the force clause requires 'a higher degree of intent than negligent or merely accidental conduct.'" <u>Id.</u> (quoting <u>Leocal,</u> 125 S. Ct. at 382). "By contrast, 'the <u>knowing</u> or <u>intentional causation</u> of bodily injury necessarily involves the use of physical force.'" <u>Id.</u> (quoting <u>United States v. Castleman,</u> 134 S. Ct. 1405 (2014)).

The defendant in <u>Runyon</u> argued that "resulting in death," as used in § 1958, would permit a conviction for negligent or accidental uses of force, citing the court's prior statement that "'a crime may <u>result</u> in death or serious injury without involving the <u>use</u> of physical force.'" <u>Id.</u> at 203 (quoting <u>United States v. Torres-Miguel,</u> 701 F.3d 165, 168 (4th Cir. 2012)). The defendant posited a hypothetical where a negligent but fatal car crash occurs in the course of a § 1958 conspiracy. <u>Id.</u>

-13-

The court rejected this argument, reasoning:

> [T]he death resulting from a conspiracy to commit murder for hire has the "requisite <u>mens rea</u>" to constitute a <u>use</u> of physical force.  [<u>United States v. Battle,</u> 927 F.3d 160, 166 (4th Cir. 2019)].  The conspiracy here has two heightened mens rea elements:  (1) the intent to join the conspiracy, <u>see</u> [<u>Ocasio v. United States</u>, 136 S. Ct. 1423, 1429 (2016)], and (2) the specific intent that a murder be committed for hire, 18 U.S.C. § 1958(a).  While these <u>mens rea</u> elements are not explicitly tied to the resulting-in-death element, in any realistic case, they must nonetheless carry forward to the resulting-in-death element.

<u>Id.</u> (emphasis added).  The Fourth Circuit also rejected the defendant's hypothetical, stating that while it "might be in the realm of 'theoretical possibility,' there is no 'realistic probability' that the government would indict the conspirator for the death-results strain" in such a scenario.  <u>Id.</u>  Several other courts have reached the same result with respect to similar death-results enhancements.[24]  Other courts, when faced with non-enhanced offenses, distinguished the death-results offenses.[25]

_____

[24]The First Circuit reached this result with respect to conspiring to use a weapon of mass destruction resulting in death and conspiring to bomb a place of public use resulting in death, albeit without explicitly addressing the <u>mens rea</u> attached to the death.  <u>United States v. Tsarnaev</u>, 968 F.3d 24, 104 (1st Cir. 2020) ("simply conspiring to commit a violent act does not necessarily have as an element the use, attempted use, or threatened use of physical force . . . But the 'death results' element changes things."), <u>reversed on other grounds</u>, 142 S. Ct. 1024 (2022).  In <u>In re Hall</u> the Fifth Circuit held that kidnapping resulting in death does not reach negligently caused deaths.  979 F.3d at 344.

[25]<u>United States v. McClaren</u>, 13 F.4th 386, 413-14 (5th Cir. 2021) ("The government points to several cases from other circuits [including <u>Runyon</u>] that are inapposite because they feature severable statutes where the aggravated form of the crime required proving a crime of violence (specifically, that death resulted).");
(continued...)

-14-

A few district courts have held that § 1958 offenses resulting in death are not crimes of violence. Fernandez v. United States, 569 F. Supp. 3d 169, 178 (S.D.N.Y. 2021) ("[T]he requirement that 'death results' does not elevate the act of traveling, using the mail, or conspiring to do the foregoing to an act involving physical force. The criminalizing conduct in Section 1958 is very different from a murder statute such as Section 1959, which applies when a person 'murders, kidnaps, maims, assaults with dangerous weapon, commits assault.'") (internal citation and quotation marks omitted); Qadar v. United States, Case Nos. 00-CR-603 and 16-CV-3593, 2020 WL 3451658, at *2 (E.D.N.Y. June 24, 2020) ("The criminalized conduct [in § 1958] itself is not violent, and its connection to a person's death may be attenuated."). Some other courts have held similarly worded enhancements to require no mens rea.[26]

The court is persuaded that murder-for-hire conspiracy resulting in death requires more than a reckless use of force.

---

[25] (...continued)

United States v. Capers, 20 F.4th 105, 120 n.11 (2d Cir. 2021) ("The out-of-circuit cases that the government cites [in its] letter brief [including Runyon] are inapposite because those cases analyzed whether 'conspiracies that are categorically defined to result in death' are crimes of violence.").

[26] United States v. McDuffy, 890 F.3d 796, 801 (9th Cir. 2018) (bank robbery enhancement where "death results" "suggest[s] Congress intended to omit a mens rea requirement"); United States v. Hayes, 589 F.2d 811, 821 (5th Cir. 1979) (deprivation of rights under color of law resulting in death requires only proximate cause between unlawful conduct and death).

-15-

Section 1958 expressly requires that the defendant have the "intent that a murder be committed." "[T]his specific intent ensures that the victim's death was necessarily the result of a use of physical force and not merely from negligence or accident" or recklessness. See Runyon, 994 F.3d at 204. Because § 1958 requires the intent to cause death, not reckless disregard, this conclusion is not affected by Borden.

Moreover, at least when analyzing state convictions under the categorical approach, the Fifth Circuit has not permitted defendants to rely on hypothetical scenarios or the statute's text alone. See United States v. Reyes-Contreras, 910 F.3d 169, 184 (5th Cir. 2018) (en banc), abrogated in part on other grounds by Borden, 141 S. Ct. at 1834. To show a "realistic probability" that a state would charge nonviolent conduct under the disputed state statute, a defendant must point to "supporting state case law." Id. at 184-85. Defendant does not cite, and the court is not aware of, any prosecution of murder-for-hire conspiracy resulting in death based on a death other than the intended murder. This reinforces the court's conclusion that the offense necessarily involves an intentional or knowing use of force.

Because murder-for-hire conspiracy resulting in death requires the Government to prove the use of physical force against another, it is a crime of violence under § 924(c)(3)(A). Because it was permissible for the Government to bring a § 924(c)(1)(A) charge premised on Count One, Defendant's challenge to Count Three fails.

## IV.  <u>Conclusion and Order</u>

There is sufficient evidence to support the jury's verdict, and murder-for-hire conspiracy resulting in death (18 U.S.C. § 1958) is a crime of violence.  Defendant's Motion for Judgment of Acquittal (Docket Entry No. 368) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 24th day of January, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE