United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-17-567-01 |
| | § | |
| RONALD DONELL BROWN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On October 31, 2023, a jury convicted Ronald Donnell Brown ("Defendant") of crimes connected to his drug trafficking organization, including conspiracy to commit murder for hire and intentional killing while engaged in drug trafficking.[1] Pending before the court is Defendant's Motion to Vacate Count for Violation of the Double Jeopardy Clause ("Defendant's Double Jeopardy Motion") (Docket Entry No. 404). For the reasons stated below, Defendant's Double Jeopardy Motion will be denied.

### I. Background

On November 7, 2018, a grand jury charged Defendant in a twelve-count Superseding Indictment.[2] Relevant to this motion, Count

---

[1]Superseding Indictment, Docket Entry No. 130, pp. 5, 11; [Supplemental] Verdict Form, Docket Entry No. 353. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system. The court refers to the Unites States of America as "the Government."

[2]Superseding Indictment, Docket Entry No. 130, p. 1.

One charged Defendant with "Conspiracy to Commit Murder for Hire" in violation of 18 U.S.C. § 1958, based on the killing of Marcus Celestine.[3] Count Two charged Defendant with an "Intentional Killing while Engaged in Drug Trafficking" in violation of 21 U.S.C. § 848(e)(1)(A), also based on the killing of Celestine.[4]

The jury instruction for Count One stated that the Government had to prove:

> *First:* That the defendant conspired to use or conspired to cause another to use or affect a facility in interstate or foreign commerce;
>
> *Second:* That the defendant did so with the intent that murder be committed; []
>
> *Third:* That the defendant intended that the murder be committed in exchange for, receipt of, or as consideration of a promise or agreement to pay, anything of pecuniary value, resulting in the death of Marcus Celestine[; and]
>
> *Fourth:* That but for the defendant's actions, Marcus Celestine would not have died.[5]

The instruction for Count Two stated that the Government had to prove:

> *First:* That Marcus Celestine was intentionally killed;
>
> *Second:* That the defendant killed the individual or that the defendant counseled, commanded, induced, procured, or caused the intentional killing of the individual; []

---

[3] Id. at 5.

[4] Id. at 11.

[5] Court's Charge to the Jury ("Jury Instructions"), Docket Entry No. 340, pp. 18-19.

>    *Third:*  That but for the defendant's actions, or someone that the defendant counseled, commanded, induced, procured, or caused to kill Marcus Celestine, the death of Marcus Celestine would not have occurred[; and]
>
>    *Fourth:*  That the defendant did so while aiding, abetting, or assisting with another individual in engaging in offenses punishable under Title 21, United States Code, Section 841(b)(1)(A).
>
>    Title 21 U.S.C. § 841(b)(1)(A) prohibits an individual from knowingly or intentionally possessing with the intent to distribute controlled substances in excess of certain amounts, including five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.[6]

The elements are presented side by side below, with the elements relevant to this motion bolded.

| Count One - Conspiracy to Commit Murder for Hire 18 U.S.C. § 1958 | Count Two - Killing While Engaged in Drug Trafficking 21 U.S.C. § 848(e)(1)(A) |
|---|---|
| *First:* That the defendant conspired to use or conspired to cause another to use or affect a facility in interstate or foreign commerce; | *First:* That Marcus Celestine was intentionally killed; |
| *Second:* That the defendant did so with the intent that murder be committed; [] | *Second:* That the defendant killed the individual or that the defendant counseled, commanded, induced, procured, or caused the intentional killing of the individual; [] |
| *Third:* **That the defendant intended that the murder be committed in exchange for, receipt of, or as consideration of a promise or agreement to pay, anything of pecuniary value, resulting in the death of Marcus Celestine**[; and] | *Third:* That but for the defendant's actions, or someone that the defendant counseled, commanded, induced, procured, or caused to kill Marcus Celestine, the death of Marcus Celestine would not have occurred[; and] |

---

[6]<u>Id.</u> at 23-24.

| Count One - Conspiracy to Commit Murder for Hire 18 U.S.C. § 1958 | Count Two - Killing While Engaged in Drug Trafficking 21 U.S.C. § 848(e)(1)(A) |
|---|---|
| *Fourth*: That but for the defendant's actions, Marcus Celestine would not have died. | *Fourth*: That the defendant did so while aiding, abetting, or assisting with another individual in engaging in offenses punishable under Title 21, United States Code, Section 841(b)(1)(A). |

Defendant was convicted on Counts One and Two.[7]

Defendant filed his Double Jeopardy Motion on February 1, 2024, the Government responded on February 20, 2024, and Defendant replied on February 26, 2024.[8] Defendant argues that Counts One and Two are the same offense for double jeopardy purposes and asks the court to vacate his conviction for Count One.[9] The Government responds that Counts One and Two are not the same offense and, in the alternative, that the appropriate remedy would be for the Government to elect which conviction should be vacated.[10]

## II. The Double Jeopardy Clause

The Double Jeopardy Clause states that "[n]o person shall be subject for the same offense to be twice put in jeopardy of life or

---

[7][Supplemental] Verdict Form, Docket Entry No. 353.

[8]Defendant's Double Jeopardy Motion, Docket Entry No. 404; United States' Response to Defendant's Motion to Vacate Count for Violation of Double Jeopardy Clause ("Government's Response"), Docket Entry No. 416; Brown's Reply to Response-Motion to Vacate Count for Violation of the Double Jeopardy Clause ("Defendant's Reply"), Docket Entry No. 422.

[9]Defendant's Double Jeopardy Motion, Docket Entry No. 404, pp. 1-2 ¶¶ 1-2, p. 8 ¶ 16.

[10]Government's Response, Docket Entry No. 416, pp. 3-4, 8.

limb." U.S. Const. amend. V, cl. 2. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause . . . prevent[s] the sentencing court from prescribing greater punishment than the legislature intended." <u>Missouri v. Hunter</u>, 103 S. Ct. 673, 678 (1983).[11] Where two statutes constitute the "'same offense,'" courts presume that Congress intended punishment under only one statute. <u>Id.</u> at 678 (quoting <u>Whalen v. United States</u>, 100 S. Ct. 1432, 1437-38 (1980)). "[S]eparate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same" offense. <u>Brown v. Ohio</u>, 97 S. Ct. 2221, 2225 (1977). Instead the test, announced in <u>Blockburger v. United States</u>, 52 S. Ct. 180 (1932), is "whether <u>each</u> provision requires proof of [an element] which the other does not." <u>Id.</u> at 182 (emphasis added).

The Fifth Circuit has held "that jurisdictional elements do not count" in the <u>Blockburger</u> analysis. <u>United States v. Agofsky</u>, 458 F.3d 369, 372 (5th Cir. 2006) (citing <u>United States v. Gibson</u>, 820 F.2d 692 (5th Cir. 1987)). In <u>Gibson</u> the defendant was convicted of robbery within the special maritime and territorial jurisdiction of the United States (18 U.S.C. § 2111) and robbery of one having lawful custody of mail or other property of the United States (18 U.S.C. § 2114). 820 F.2d at 694. The convictions were based on the

---

[11]Conviction and punishment under two counts is cumulative and subject to double jeopardy scrutiny even if the sentences would be concurrent. <u>United States v. Ogba</u>, 526 F.3d 214, 236 n.52 (5th Cir. 2008).

same robbery. Id. The offenses' elements differed only in that § 2111 required that the robbery occur within the special jurisdiction of the United States, while § 2114 required that the robbery victim be a person having custody of United States mail or federal property. Id. at 698. After reviewing the Supreme Court's double jeopardy precedents, the court stated:

> In no case where the Court has upheld a double conviction for a single act was one of the "facts" to be proven to satisfy Blockburger a purely jurisdictional fact. In these cases, the two statutes at issue each require proof of a fact that relates to an evil that the legislature seeks to combat.

Id. The court stated that § 2111's special-territorial-jurisdiction element was "strictly jurisdictional." Id. Because § 2111's other elements were included in the elements of § 2114, the court held that § 2111 and § 2114 constitute the same offense for Double Jeopardy purposes. Id.[12]

### III. Analysis

Defendant acknowledges that Count One's third element (Defendant's intent that a murder be committed in exchange for

---

[12]In Agofsky the Fifth Circuit addressed whether federal murder and murder by a federal prisoner were the same offense under Blockburger. 458 F.3d at 371. The elements of federal murder are included in the elements of murder by a federal prisoner except that federal murder required that the killing occur in the special maritime and territorial jurisdiction of the United States. Id. The court expressed concern with Gibson's holding because "'Congress may have strong interests in treating crimes occurring within the jurisdiction of the United States differently from those occurring elsewhere[.]'" Id. at 372. But because the jurisdictional element of federal murder was "identical" to the jurisdictional element in Gibson, the court excluded that element from the Blockburger analysis. Id.

<u>anything of pecuniary value)</u> is not required by Count Two, and Defendant does not dispute that Count Two's fourth element (that Defendant caused an intentional killing <u>while engaging in specified drug trafficking crimes)</u> is not required by Count One.[13] But Defendant argues that Count Two's fourth element is jurisdictional and must be disregarded under <u>Gibson</u>.[14] Defendant argues that, aside from this jurisdictional element, all of Count Two's elements are also elements of Count One, making them the same offense under <u>Blockburger</u>.[15] The Government responds that Count Two's fourth element is not purely jurisdictional.[16] Defendant replies that <u>Gibson</u> and <u>Agofsky</u> require the court to disregard elements that are both jurisdictional and substantive.[17]

**A.    Whether <u>Gibson</u> is Limited to Purely Jurisdictional Elements**

The parties disagree whether the <u>Gibson</u> rule applies only to purely jurisdictional elements. A few statements in <u>Gibson</u> and <u>Agofsky</u> do not explicitly single out purely jurisdictional elements. The <u>Gibson</u> court stated that "[w]hen we subtract the

---

[13] Defendant's Double Jeopardy Motion, Docket Entry No. 404, p. 4 ¶ 7; <u>id.</u> at 3-4 ¶ 6.

[14] <u>Id.</u>

[15] <u>Id.</u> at 4-5 ¶¶ 7-8.

[16] Government's Response, Docket Entry No. 416, p. 1.

[17] <u>See</u> Defendant's Reply, Docket Entry No. 422, p. 2 ("In <u>Agofsky</u> the two crimes at issue clearly were targeting different evils. . . . Nonetheless, the Fifth Circuit in <u>Agofsky</u> stated a court is supposed to apply the <u>Blockburger</u> test without considering the jurisdictional element.").

jurisdictional element from section 2111, that section becomes merely a robbery statute." 820 F.2d at 698. Agofsky stated "that jurisdictional elements do not count." 458 F.3d at 372. But a full reading of the cases undermines Defendant's argument. Gibson stated that "[i]n no case where the [Supreme] Court has upheld a double conviction for a single act was one of the 'facts' to be proven to satisfy Blockburger a purely jurisdictional fact. In these cases, the two statutes at issue each require proof of a fact that relates to an evil that the legislature seeks to combat." 820 F.2d at 698.[18] In other words, Gibson held that "purely jurisdictional" elements are excluded because they have no substantive component. Gibson's distinction is between "purely jurisdictional" elements and substantive elements, not between jurisdictional and nonjurisdictional elements. The parties do not cite any case extending the Gibson rule to elements that are both jurisdictional and substantive. Courts routinely include such elements in the Double Jeopardy analysis, albeit without addressing Gibson or Agofsky. For example in United States v. Berry, 977 F.2d 915 (5th Cir. 1992), the court stated:

> We first consider the conviction under 18 U.S.C. § 924(c), use or carrying of a firearm during a drug-trafficking offense. <u>This offense involves an element distinct from any other offense charged, drug trafficking,</u> and does not require proof of a prior felony conviction. This obviously is a crime Congress treated as separate and apart from the threat posed by a felon in possession of a firearm.

---

[18] Moreover, the court's holding was based on its conclusion that § 2111's territorial-jurisdiction element was "<u>strictly</u> jurisdictional." Id. (emphasis added).

Id. at 919 (emphasis added). This is similar to the drug-trafficking element at issue in Count Two. The court concludes that Gibson does not require the exclusion of elements that are both jurisdictional and substantive.

B.  **Whether Count Two's Fourth Element Is Purely Jurisdictional**

The Government argues that § 841(e)(1)(A) is not purely jurisdictional. Section 848(e)(1)(A) was enacted as part of the "Anti-Drug Abuse Act of 1988," which is described as "[a]n Act to prevent the manufacturing, distribution, and use of illegal drugs, and for other purposes."[19] This is an "evil[] that Congress sought to combat." See Gibson, 820 F.2d at 698. The Government cites legislative history that the statute's targeting of drug-related killings was based on drug policy.[20] Defendant provides no contrary authority.

The court concludes that Count Two's fourth element is not purely jurisdictional. Counts One and Two each require proof of a substantive element that the other count does not. Counts One and Two are therefore not the same offense under Blockburger. Because Defendant's conviction and punishment under both counts for the same killing do not violate the Double Jeopardy Clause, Defendant's Double Jeopardy Motion will be denied.

---

[19]Anti-Drug Abuse Act of 1988, PL 100-690 (HR 5210), PL 100-690, November 18, 1988, 102 Stat 4181.

[20]Government's Response, Docket Entry No. 416, pp. 5-6.

## IV. Conclusion and Order

The Double Jeopardy Clause does not prohibit conviction and punishment under 18 U.S.C. § 1958 and 21 U.S.C. § 848(e)(1)(A) for the same killing.  Defendant's Motion to Vacate Count for Violation of the Double Jeopardy Clause (Docket Entry No. 404) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this the 7th day of March, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE