```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF TEXAS

 3                       HOUSTON DIVISION

 4  UNITED STATES OF AMERICA   §   CASE NO. 4:17-CR-00567-1
                               §   HOUSTON, TEXAS
 5  VERSUS                     §   THURSDAY,
                               §   SEPTEMBER 28, 2017
 6  RONALD DONELL BROWN        §   10:15 A.M. TO 10:24 A.M.
```

### INITIAL APPEARANCE

BEFORE THE HONORABLE MARY MILLOY
UNITED STATES MAGISTRATE JUDGE

```
    APPEARANCES:              SEE NEXT PAGE
    CASE MANAGER:             CYNTHIA JANTOWSKI
    COURT RECORDER:           SUZANNE GUEVARA
```

**THIS TRANSCRIPT HAS BEEN FURNISHED AT PUBLIC EXPENSE UNDER THE CRIMINAL JUSTICE ACT AND MAY BE USED ONLY AS AUTHORIZED BY COURT ORDER.   UNAUTHORIZED REPRODUCTION WILL RESULT IN AN ASSESSMENT AGAINST COUNSEL FOR THE COST OF AN ORIGINAL AND ONE COPY AT THE OFFICIAL RATE.   General Order 94-15, United States Court, Southern District of Texas.**

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 Eldridge Road, #144
Sugar Land, TX 77478
281-277-5325
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

```
 1                        APPEARANCES:

 2

 3  FOR THE PLAINTIFF:         US ATTORNEY'S OFFICE
                               Steven Donald Mellin, Esq.
 4                             1000 Louisiana Street
                               Suite 2300
 5                             Houston, TX 77002
                               713-567-9000
 6

 7  FOR THE DEFENDANT:         TO BE APPOINTED

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    **HOUSTON, TEXAS; THURSDAY, SEPTEMBER 28, 2017; 10:15 A.M.**
2             THE COURT:  Ronald Donell Brown.
3             MR. MELLIN:  Good morning, Your Honor.
4             Steven Mellin for the United States.
5             THE COURT:  Mr. Mellin.
6             MR. MELLIN:  Yes, Your Honor?
7             THE COURT:  Who's Mr. Robert's attorney?
8             MR. MELLIN:  Mr. Robert's attorney as of right now
9    is Phil Gallagher from the Federal Public Defender's Office.
10   So, we're going to have to have someone else appointed.  I
11   believe Mr. Brown is going to hire his own attorney.
12            THE COURT:  Oh, is he?  Okay.
13            MR. MELLIN:  That's all I know what has happened.
14            THE COURT:  Did the Marshals hear me say that?
15            MR. MELLIN:  I don't believe so.  I can tell them.
16        (Pause in proceedings.)
17            THE COURT:  Mr. Brown, come forward please.
18            Tell me your full name, sir.
19            DEFENDANT BROWN:  Ronald Donell Brown.
20            THE COURT:  How old are you, Mr. Brown?
21            DEFENDANT BROWN:  44.
22            THE COURT:  And how many grades did you go in
23   school?
24            DEFENDANT BROWN:  To 11th.
25            THE COURT:  Did you ever get a GED?

```
 1                 DEFENDANT BROWN:  Yes, ma'am.
 2                 THE COURT:  Do you have any difficulty in reading
 3   or writing in English?
 4                 DEFENDANT BROWN:  No, ma'am.
 5                 THE COURT:  Did you get a copy of this Indictment?
 6                 DEFENDANT BROWN:  Yes, ma'am.
 7                 THE COURT:  Do you know what an Indictment is?
 8                 DEFENDANT BROWN:  Yes.
 9                 THE COURT:  So, you've read this Indictment?
10                 DEFENDANT BROWN:  Well, not quite but I just got
11   it.
12                 THE COURT:  Oh, you just got it?  Well, I'll give
13   you a chance to read it completely.  I'm going to summarize
14   what it says.  It says that you and some others agreed to
15   commit for murder for hire and that you also used, or
16   carried, or discharged a firearm during or in relation a
17   crime of violence causing death.
18                 Do you understand the accusations?
19                 DEFENDANT BROWN:  Yes, ma'am.
20                 THE COURT:  you have to understand that if you
21   were, in fact, found guilty of this offence beyond a
22   reasonable doubt, the Judge would have to punish you in some
23   way.  Mr. Mellin is the Prosecutor who's in charge of trying
24   to convince the jury that you broke this law or these laws.
25                 Mr. Mellin, what is the range of punishment to
```

1  which the Judge would have available or which the Judge
2  would have available to him if Mr. Brown was found guilty of
3  these charges?
4           MR. MELLIN:  Your Honor, Mr. Brown is charged in
5  all 7 counts.
6           THE COURT:  Oh, I'm sorry.  This shows 1, 3, and
7  4.
8           MR. MELLIN:  So, he's in all 7 counts.  Count 1 in
9  conspiracy to commit murder for hire.  That carries life
10 imprisonment or up to the death -- or up to life
11 imprisonment or the death penalty, $250,000, 5 years
12 supervised release, $100 special assessment.
13          Count 2 is intentional killing while engaged in
14 drug trafficking.  That is also up to life imprisonment or
15 the death penalty, $250,000 fine, 5 years supervised
16 release, $100 special assessment.
17          Counts 3 and 4 are 924(c) and (j) counts for the
18 use and discharge of a firearm in relation to a crime of
19 violence, either the crime of violence being the conspiracy
20 to commit murder for hire or the intentional killing while
21 engaged in drug trafficking.  Both of those 924 counts also
22 are up to life imprisonment or the death penalty, $250,000
23 fine, 5 years supervised release, $100 special assessment
24 for each.
25          Count 5 is kidnapping.  The kidnapping count is up

1  to life imprisonment, $250,000 fine, 5 years supervised
2  release, again, $100 special assessment.
3         Count 6 is the 924 gun charge related to the
4  kidnapping.  That is a discharge count.  So, it's at least
5  10 years imprisonment, $250,000 fine, and 5 years supervised
6  release, $100 special assessment.
7         The last count is Count 7, the drug conspiracy.
8  That is at least 10 years imprisonment up to life
9  imprisonment, $10 million, 5 years supervised release,
10 again, a $100 special assessment.
11        THE COURT:  Supervised release, Mr. Brown, means
12 that you would have to live under Court rules of supervision
13 even after a discharge from prison.
14        Do you understand those things?
15        DEFENDANT BROWN:  Yes, ma'am.
16        THE COURT:  All right, you have the right to
17 remain silent.  You don't have to say anything that will
18 help Mr. Mellin convince a jury that you did, in fact,
19 commit these crimes.  So, you need to remember that anything
20 you say can be repeated at a trial or a hearing.  Whether
21 you're answering questions, or giving explanations, or
22 telling your side of the story, your words could be repeated
23 at that hearing, and in that way, you're giving evidence
24 against yourself when you don't have to do that.
25        Do you understand that?

1               DEFENDANT BROWN:  Yes, ma'am.
2               THE COURT:  The law now says you have to say out
3    loud pretty much that you want to remain silent.
4               Do you wish to do that?  Yes, you do before you
5    talk to a lawyer at any rate.  Do you wish to remain silent?
6               DEFENDANT BROWN:  Yes, ma'am.
7               THE COURT:  Do you have money for a lawyer?
8               DEFENDANT BROWN:  Not yet, ma'am.
9               THE COURT:  Do you intend to hire a lawyer?
10              DEFENDANT BROWN:  Yes.
11              THE COURT:  Well, how are you going to hire a
12   lawyer if you don't have money?  I'm just asking.
13              DEFENDANT BROWN:  My family.
14              THE COURT:  Your family?
15              DEFENDANT BROWN:  Family, family friends, yes.
16              THE COURT:  Are you being held in custody
17   somewhere else?
18              DEFENDANT BROWN:  No, ma'am, not that I know of.
19              MR. MELLIN:  Well, he was, Your Honor.  He was in
20   Harris County and he's been transferred over to the Federal
21   Detention Center.
22              THE COURT:  Okay.  Well, that's what I'm trying to
23   figure out.
24              Why are you in Harris County?
25              DEFENDANT BROWN:  Parole violation.

1              THE COURT:  Parole violation; is that the only
2    thing holding you in Harris County?
3              DEFENDANT BROWN:  Yes, ma'am.
4              THE COURT:  Okay.  So, where is your family?
5              DEFENDANT BROWN:  In Houston, Texas.
6              THE COURT:  Do they know that you have this
7    federal charge pending against you?
8              DEFENDANT BROWN:  Yes, ma'am.
9              THE COURT:  So, are they trying to hire a lawyer
10   now?
11             DEFENDANT BROWN:  Yes, ma'am.
12             THE COURT:  When's the last time you talked to
13   your family about hiring you a lawyer?
14             DEFENDANT BROWN:  Well, I talked to my family
15   while I was in Harris County.  They came to see me.  But I
16   just got the Federal Detention.  I have not talked to no one
17   yet.
18             THE COURT:  Okay, but when was my question; when
19   did you last talk to them about them hiring you a lawyer?
20             DEFENDANT BROWN:  Well, I had a parole attorney,
21   and she came to see me and I talked to her about it.  She's
22   a federal attorney, too.
23             THE COURT:  What's her name?
24             DEFENDANT BROWN:  Tameka Solomon.
25             THE COURT:  Do you think Tameka Solomon -- you

1  know, not everyone had permission to practice in the Federal
2  Courts.
3              You know that?
4              DEFENDANT BROWN:  Yeah, I understand but I'm
5  trying to get it understood at this time I don't have an
6  attorney, but I will have one.
7              THE COURT:  I'm going to bring you back tomorrow
8  at 1:30 to see if you have a lawyer.
9              DEFENDANT BROWN:  Well, it's not going to be that
10 fast but I'll have one in just a week.
11             THE COURT:  Well, you need to get a lawyer, and
12 I'll tell you why.  In Federal Court, the Judge makes the
13 decision about whether you --
14             DEFENDANT BROWN:  Okay, I understand.  Yes, ma'am.
15             THE COURT:  You understand what?
16             DEFENDANT BROWN:  That you're saying I need to
17 have an attorney immediately.
18             THE COURT:  Because I need to make a decision
19 about whether you get a bond or not.
20             DEFENDANT BROWN:  I got you.  Yes, ma'am.
21             THE COURT:  Because I'm going to ask Mr. Mellin if
22 he's going to suggest that you should stay in jail before
23 your trial, and I'm going to guess he's going to say that
24 you should stay in jail before you trial.
25             Is that right, Mr. Mellin?

| | |
|---|---|
| 1 | DEFENDANT BROWN:  Look, I'm pretty sure that I -- |
| 2 | MR. MELLIN:  That is correct, Your Honor. |
| 3 | THE COURT:  Based on? |
| 4 | MR. MELLIN:  Based on danger to the community and |
| 5 | also flight risk. |
| 6 | THE COURT:  So, he's claiming that he's going to |
| 7 | present some evidence to convince me or some other Judge |
| 8 | that you should stay in jail before your trial because if |
| 9 | you don't stay in jail, you're going to flee and not show up |
| 10 | for Court, or you're just a law breaker and to protect the |
| 11 | public, you need to stay in jail before your trial.  When |
| 12 | did this -- but you have a right to have a hearing on that |
| 13 | with witnesses.  So, you need to get a lawyer so that that |
| 14 | hearing can be set. |
| 15 | DEFENDANT BROWN:  Yes, ma'am, I understand. |
| 16 | THE COURT:  I'll tell you.  I'm going to give you |
| 17 | till Monday at 10:00 o'clock to come up with a lawyer.  So, |
| 18 | you need to come back to court on Monday at 10:00 o'clock. |
| 19 | It'll be a different Judge.  It'll be for counsel |
| 20 | determination. |
| 21 | DEFENDANT BROWN:  Yes, ma'am. |
| 22 | THE COURT:  So, I'll let you use the phone from |
| 23 | this building to call your family. |
| 24 | Who are you going to call? |
| 25 | DEFENDANT BROWN:  My brother. |

1             THE COURT:  Your brother; you have his number?
2             DEFENDANT BROWN:  Yes, ma'am.
3             THE COURT:  Okay, call your brother from this
4  building and tell him you need a lawyer Monday at
5  10:00 o'clock.  You'll be in a different -- is Judge
6  Johnson's courtroom ready?
7             THE CLERK:  I believe so.
8             THE COURT:  Okay, you'll be in Courtroom 7.
9             DEFENDANT BROWN:  Excuse me.  I also can call him
10 when I get back to the Detention Center, too?
11            THE COURT:  I don't think so because you need to
12 get on the approved list for the phone.  So, you won't be
13 able to use the phone.  So, call from this building.
14            DEFENDANT BROWN:  How do I get on the approved
15 list?
16            THE COURT:  Well, it takes a while.  So, listen to
17 me.  Don't waste your phone call.  That's what I'm trying to
18 impress upon you.
19            DEFENDANT BROWN:  Yes, ma'am.
20            THE COURT:  Don't waste your phone call.  Call
21 somebody who's going to be able to get on it and get you a
22 lawyer.
23            DEFENDANT BROWN:  Yes, ma'am, thank you.
24            THE COURT:  So, you're coming back to this
25 building 10:00 o'clock on Monday with a lawyer.

1                MR. MELLIN:  Your Honor, just to be clear --
2                THE COURT:  Yes, sir.
3                MR. MELLIN:  -- that's not going to be the
4    detention hearing date though, correct?
5                THE COURT:  No.
6                MR. MELLIN:  All right.
7                THE COURT:  It's going to be counsel determination
8    to make sure you have a lawyer.  Don't waste money on
9    somebody who doesn't have permission to practice in the
10   Federal Courts.
11               DEFENDANT BROWN:  Yes, ma'am, I understand.
12               THE COURT:  Don't waste money on somebody who
13   doesn't know what they're doing.
14               DEFENDANT BROWN:  Yes, ma'am.
15               THE COURT:  Any other questions?
16               DEFENDANT BROWN:  No, ma'am.
17               THE COURT:  When was that blue warrant served on
18   you?
19               DEFENDANT BROWN:  I've forgotten now, but it was
20   like maybe like two weeks ago, two and a half weeks.
21               THE COURT:  Two weeks ago?
22               DEFENDANT BROWN:  Yes, ma'am, about three weeks.
23               THE COURT:  Do you know, Mr. Mellin?
24               MR. MELLIN:  I don't.  I believe it was September
25   the 8th, Your Honor, that he was picked up.

1　　　　　　THE COURT: Okay. And has Pretrial done anything
2　in regards to interviewing or --
3　　　　　　PRETRIAL SERVICES: Your Honor, we're going to
4　interview him. David is working on the report. I'm sorry,
5　Officer Hernandez is working on the report.
6　　　　　　THE COURT: Thank you, Mr. Brown. The Marshals
7　will take you back upstairs.
8　　　　　　DEFENDANT BROWN: Thank you.
9　　　　　　MR. MELLIN: Thank you.
10　　　(Proceedings adjourned at 10:24 a.m.)
11　　　　　　　　　　　* * * * *
12　　　　*I certify that the foregoing is a correct*
13　*transcript to the best of my ability produced from the*
14　*electronic sound recording of the proceedings in the above-*
15　*entitled matter.*
16　*/S/ MARY D. HENRY*
17　*CERTIFIED BY THE AMERICAN ASSOCIATION OF*
18　*ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*
19　*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*
20　*JTT TRANSCRIPT #68518*
21　*DATE FILED: MAY 16, 2024*
22
23
24
25