Case 4:17-cr-00567   Document 568   Filed on 11/21/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
November 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL ACTION NO. H-17-567-1 |
| | § |
| RONALD DONNELL BROWN, | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the United States' Motion to Dismiss Counts 3 and 4 on Double Jeopardy Grounds ("United States' Motion to Dismiss Counts 3 and 4") (Docket Entry No. 554), and Defendant's Memorandum of Law requesting, instead, dismissal of Counts 1 and 2 ("Defendant's Request to Dismiss Counts 1 and 2") (Docket Entry No. 555). For the reasons stated below, the United States' Motion to Dismiss Counts 3 and 4 will be denied, and Defendant's Request to Dismiss Counts 1 and 2 will be granted.

## I. Background

Defendant Ronald Donnell Brown ("Brown") was charged in a Superseding Indictment (Docket Entry No. 130) with multiple offenses committed in his role as head of a drug trafficking organization, including the murder-for-hire of Marcus Celestine ("Celestine") and the kidnapping of Eric Williams ("Williams"). In October of 2023 a jury found Brown guilty of the following seven offenses charged in the Superseding Indictment:[1]

---

[1] See Superseding Indictment, Docket Entry No. 130, pp. 5-16, and Verdict Form, Docket Entry No. 354. See also United States' Motion to Dismiss Counts 3 and 4, Docket Entry No. 554, pp. 2-3.

1

| Count | Charge | Statutory Punishment |
|---|---|---|
| 1 | Conspiracy to commit the murder for hire of Celestine in violation of 18 U.S.C. § 1958. | Death or life imprisonment 18 U.S.C. § 1958(a). |
| 2 | Aiding and abetting the intentional killing of Celestine while engaged in drug trafficking in violation of 21 U.S.C. § 848 and 18 U.S.C. § 2. | Death or 20 years to life imprisonment 21 U.S.C. § 848(e)(1)(A). |
| 3 | (Predicated on Count 1): Aiding and abetting the use, carrying, brandishing, and discharge of a firearm during and in relation to a crime of violence causing death by murder in violation of 18 U.S.C. § 924(c) and (j) and 18 U.S.C. § 2. | Death or any term of years or life imprisonment 18 U.S.C. § 924(j)(1). |
| 4 | (Predicated on Count 2): Aiding and abetting the use, carrying, brandishing, and discharge of a firearm during and in relation to a crime of violence causing death by murder in violation of 18 U.S.C. § 924(c) and (j) and 18 U.S.C. § 2. | Death or any term of years or life imprisonment 18 U.S.C. § 924(j)(1). |
| 5 | Aiding and abetting the kidnapping of Williams in violation of 18 U.S.C. § 1201 and 18 U.S.C. § 2. | Any term of years or life imprisonment 18 U.S.C. § 1201(a). |
| 6 | (Predicated on Count 5): Aiding and abetting the use, carrying, brandishing, and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. | 10 years to life imprisonment served consecutively to term imposed for Count 5 18 U.S.C. § 924(c)(1)(A)(iii). |
| 7 | Conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. | 10 years to life imprisonment; 15 years to life imprisonment if the defendant has a prior conviction for a "serious drug felony" or "serious violent felony;" or 25 years to life imprisonment if the defendant has two or more prior convictions for a "serious drug felony" or "serious violent felony."[2] |

---

[2] Brown has prior convictions for (1) murder (convicted and sentenced as a juvenile); (2) unlawfully carrying a weapon; (3) possession of marijuana; (4) failure to identify; (5) possession of crack cocaine; and (6) aggravated assault of a police officer. See United States' Motion to Dismiss Counts 3 and 4, Docket Entry No. 554, p. 3 n. 2 (citing Final Presentence (continued...)

On March 8, 2024, the day of Brown's sentencing, the United States filed a motion to dismiss Counts 3 and 4 under Federal Rule of Criminal Procedure 48(a) on double jeopardy grounds (Docket Entry No. 427). Citing Lora v. United States, 143 S. Ct. 1713, 1717-20 (2023), for observing that Congress expressly authorized cumulative punishments for § 924(c) offenses and their predicate crimes of violence and drug trafficking, but has not similarly authorized cumulative punishment for § 924(j) offenses and their predicate crime of causing death of a person, the United States argued "logic suggests that the Double Jeopardy Clause prohibits cumulative punishment for offenses under [§] 924(j) and lesser included offenses, including predicate crimes of violence or drug trafficking crimes and offenses under [§] 924(c)."[3] Brown's counsel agreed with the United States' contention that punishing Brown for both the § 924(j) offenses charged in Counts 3 and 4, and the predicate crimes charged in Counts 1 and 2 would raise double jeopardy concerns, but did not agree that the proper remedy was to dismiss Counts 3 and 4. Defense counsel requested a continuance to file a response to the United States' motion, and leave to amend his previously filed Motion to Vacate (Docket Entry No. 404) to

---

[2](...continued)
Report, Docket Entry No. 430, ¶¶ 99-109 (sealed)).

[3]Motion to Dismiss, Docket Entry No. 427, p. 2.

address the argument raised in the United States' motion.[4] The court denied defense counsel's requests, and sentenced Brown to four concurrent life sentences on Counts 1, 2, 5, and 7, to be followed to by a consecutive term of 120 months on Count 6, the 18 U.S.C. § 924(c) offense.[5]

On appeal Brown argued that the "court erred in dismissing Counts [3] and [4], instead of the lesser-included offenses charged in Counts [1] and [2]." United States v. Brown, 151 F.4th 647, 663 (5th Cir. 2025). Citing United States v. Sanders, 133 F.4th 341, 370-71 (5th Cir. 2025), the Fifth Circuit acknowledged that precedent supported the parties' position that punishing Brown for the § 924(j) offenses charged in Counts 3 and 4, and the predicate crimes of violence and drug trafficking charged in Counts 1 and 2 would violate the Double Jeopardy Clause. Brown, 151 F.4th at 663. Observing that "[o]ffenses under § 924(j) predicated on murder — such as Counts [3] and [4] — are to 'be punished by death or by imprisonment for any term of years or for life,' 18 U.S.C. § 924(j)(1) (emphasis added)," id. at 664, while the lesser-included predicate offenses charged in Counts 1 and 2 are subject to mandatory minimum penalties, i.e., life imprisonment for the offense of murder-for-hire charged in Count 1; and 20 years

---

[4] Transcript of Sentencing Proceedings, Docket Entry No. 451, pp. 7:14-9:17.

[5] Id. at 9:18-10:20. See also Judgment in a Criminal Case, Docket Entry No. 432.

imprisonment for the offense of aiding and abetting an intentional killing while engaged in drug trafficking charged in Count 2, the Fifth Circuit found that "[b]y moving to dismiss the greater-included offenses that carry the term-of-years sentencing option, the Government attempted to take away the district court's discretion to sentence Brown to anything but an aggregate life sentence." Id. Citing Ball v. United States, 105 S. Ct. 1668, 1673 (1985), for recognizing that "where, as here, the presumption against cumulative punishment requires the invalidation of a conviction, the district court must 'exercise its discretion to vacate one of the underlying convictions,'" Brown, 151 F.4th at 664, the Fifth Circuit held that the court erred by granting the United States' motion because the court failed to analyze which counts should be dismissed and, instead, "allowed the Government to dictate a choice that under Ball . . . should have been made by the court alone." Id. at 665. The Fifth Circuit observed that

> [b]ecause Brown was subject to a mandatory term of life imprisonment for Count [1], 18 U.S.C. § 1958(a), neither party offered sentencing arguments. Relatedly, the district court provided no analysis and made no findings as to the appropriate sentence, did not explain its choice of sentence, did not cite the 18 U.S.C. § 3553(a) factors, and did not note whether its choice of life imprisonment for Counts [5] and [7] was influenced by the fact that Brown was otherwise subject to a mandatory sentence of life imprisonment.

Id. at 664. The Fifth Circuit held that the "court's failure to exercise its vested discretion necessitates remand." Id. at 665.

5

Brown argued that the court should be instructed to dismiss the lesser-included offenses charged in Counts 1 and 2, and not the greater offenses charged in Counts 3 and 4, but the Fifth Circuit rejected that argument holding that "the appropriate remedy is to remand for the district court to exercise its discretion in selecting which counts — whether the lesser-or greater-included offenses — to vacate." Id. at 665-66 (citing United States v. Peel, 595 F.3d 763, 767-68 (7th Cir. 2010), cert. denied, 131 S. Ct. 994 (2011), for "remanding case for district judge to vacate one of two convictions rather than ordering vacatur of the lesser-included offense when that lesser offense, although 'lesser in the sense of having fewer elements,' carried with it the greater penalty"). The Fifth Circuit "express[ed] no opinion on which counts the . . . court 'should' dismiss." Id. at 666 (citing United States v. Maier, 646 F.3d 1148, 1154 (9th Cir.), cert. denied, 132 S. Ct. 601 (2011), for "recognizing that although ordinarily 'a district court "should" exercise its discretion to vacate the lesser included offense,' there may be 'unusual circumstances and compelling reasons to vacate the greater offense;'" and United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir. 1991), cert denied, 112 S. Ct. 1217 (1992), for recognizing that "where an 'anomaly in the sentencing guidelines' produces a longer sentence on a duplicative lesser-included offense than the greater offense, 'it is a decision for the trial court' which offense to vacate").

## II. Analysis

Asserting that this case presents "unusual circumstances and compelling reasons" for dismissing the greater- not the lesser-included offenses,[6] the United States urges the court to

> (1) enter an order dismissing Counts 3 and 4; (2) sentence Brown on Counts 1 and 2; and (3) make a finding that its previous imposition of life sentences on Counts 5 and 7 was not "influenced by the fact that Brown was otherwise subject to a mandatory sentence of life imprisonment."[7]

Citing Maier, 646 F.3d at 1153, the United States argues that

> Brown's involvement in and culpability for the offenses make Count 1 (conspiracy to commit the murder-for-hire of Celestine) and Count 2 (aiding and abetting the intentional killing of Celestine while engaged in drug trafficking) "far more appropriate;" two convictions for firearms offenses (Counts 3 and 4) "would clearly understate [Brown's] involvement and criminal activity in this case."[8]

The United States argues that

> Brown was not merely responsible for the use of firearms in this case. Rather, he was the undisputed kingpin of an extensive drug trafficking organization that distributed cocaine, marijuana and other drugs from Houston to Atlanta and elsewhere for years. . .
>
> . . . [E]ven though Counts 3 and 4 are predicated upon and are the greater-included offenses of Counts 1 and 2, two firearms convictions simply would not adequately represent Brown's egregious actions in this case or his culpability as the instigator who conceived, planned and effected the assassination of Celestine to maintain control over his drug trafficking business.[9]

---

[6] United States' Motion to Dismiss Counts 3 and 4, Docket Entry No. 554, p. 7.

[7] Id. at 11.

[8] Id. at 8.

[9] Id. at 8-9.

Citing Peel, 595 F.3d at 767, the United States argues that although "Counts 1 and 2 are technically the 'lesser' offenses under the Blockburger[ v. United States, 52 S. Ct. 180 (1932),] elements test because . . . one could commit Counts 1 and 2 without committing Counts 3 and 4, but could not commit Counts 3 and 4 without also committing Counts 1 and 2[,]"[10] Counts 1 and 2 should not be dismissed because they "are the 'graver' offenses, both factually and legally in terms of the possible sentencing exposure."[11]

Asserting that "there are no 'unusual circumstances and compelling reasons to vacate the greater offense[s],'"[12] and that "[t]he parties have previously conferred and agree that a full sentencing hearing fully considering the 18 U.S.C. § 3553(a) factors as to all counts of conviction is required, but was not done at the original sentencing,"[13] Brown urges the Court to "dismiss Counts [1] and [2] after a full sentencing hearing, and sentence [him] pursuant to the mandates of 18 U.S.C. § 3553(a) after hearing the arguments of the parties."[14]

---

[10]Id. at 10-11.

[11]Id. at 11.

[12]Memorandum of Law on which Counts to Dismiss, Docket Entry No. 554, p. 3.

[13]Id. at 3-4.

[14]Id. at 4.

### A. Applicable Law

Agreeing with the parties that punishing Brown for both the § 924(j) offenses charged in Counts 3 and 4, and the lesser-included predicate offenses charged in Counts 1 and 2 would violate the Double Jeopardy Clause, the Fifth Circuit remanded this case for the court to exercise its discretion in selecting which counts to vacate. Brown, 151 F.4th 665-66. At issue is whether to vacate Counts 1 and 2, the offenses with the lesser included statutory elements, or Counts 3 and 4, the offenses that have no mandatory minimum terms of imprisonment. Because there is no binding precedent controlling this question, the Fifth Circuit cited cases from the Sixth, Seventh, and Ninth Circuits in support of its remand order. Although these cases show that courts strive to preserve the more serious offenses, none of them address either the narrow issue now before the court or whether the more serious offenses are those with the greater number of elements or the greater terms of imprisonment. However, following a similar remand in Chambers, 944 F.2d at 1269, the district court cogently observed that

> [i]f the problem to be remedied by the Double Jeopardy Clause were simply consecutive sentences for the same crime, the solution would be to prescribe concurrent sentences for multiple convictions of the same crime. However, the Supreme Court expressly refused to permit this result. According to that Court, the conviction itself, devoid from its sentence, carries independent consequences sufficient to warrant dismissal and not just concurrent sentencing:

9

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored . . . Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

United States v. Chambers, 796 F. Supp. 1036, 1040 (E.D. Mich. 1992) (quoting Ball, 105 S. Ct. at 1673). The court reasoned persuasively that "[t]hough factually dissimilar from the instant case, Ball stands for the relevant proposition that the focus of inquiry of a court required to drop . . . convictions for double jeopardy purposes is on the conviction itself and not the resulting sentence," id. at 1040-41, and "[t]herefore, the relevant guidance from . . . the Supreme Court counsel[s] in favor of dismissal of the least serious statutory charge." Id. at 1041.

B. **Application of the Law to the Facts**

The United States argues that

> even though Counts 3 and 4 are predicated upon and are the greater-included offenses of Counts 1 and 2, two firearms convictions simply would not adequately represent Brown's egregious actions in this case or his culpability as the instigator who conceived, planned and effected the assassination of Celestine to maintain control over his drug trafficking business.[15]

---

[15] United States' Motion to Dismiss Counts 3 and 4, Docket Entry No. 554, p. 9.

Dismissing Brown's convictions for the greater-included offenses charged in Counts and 3 and 4 in favor of retaining his convictions for the lesser-included offenses charged in Counts 1 and 2 as urged by the United States would subject Brown to a mandatory sentence of life imprisonment for conspiracy to commit murder-for-hire in violation of 18 U.S.C. § 1858 charged in Count 1, and a mandatory minimum sentence of 20 years imprisonment for aiding and abetting the intentional killing of Celestine while engaged in drug trafficking in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 charged in Count 2, but would leave Brown unaccountable for aiding and abetting the use, carrying, brandishing, and discharge of a firearm during and in relation to a crime of violence causing death by murder while engaged in drug trafficking in violation of 18 U.S.C. § 924(c) and (j) and 18 U.S.C. § 2 charged in Counts 3 and 4. Because the only way for Brown to be held accountable for all of his egregious actions in this case is to retain his convictions for the greater-included offenses charged in Counts 3 and 4, the court concludes that the least serious statutory charges at issue are the lesser-included offenses charged in Counts 1 and 2. See Maeir, 646 F.3d at 1154-55 (dismissing conviction for possession of child pornography, the lesser-included offense of conviction for receipt/distribution of child pornography, upon concluding that the possession charge under represented the defendant's criminal activity).

11

Since the United States acknowledges that "Brown's guidelines sentencing range of life imprisonment remains the same regardless of which counts are dismissed,"[16] this case differs from cases like Chambers, 944 F.2d at 1269, and Peel, 595 F.3d at 767, where the lesser-included offenses carried longer maximum sentences of imprisonment than the greater-included offenses. Moreover, neither of those cases actually support the United States' argument because after remand the courts in both cases dismissed or vacated the lesser included offense even though that offense carried a longer maximum term of imprisonment than the greater-included offense. See Chambers, 796 F. Supp. at 1040-41 (dismissing conviction for conspiracy, the lesser-included offense of conviction for operating a continuing criminal enterprise even though the conspiracy charge entailed a longer term of imprisonment); and United States v. Peel, 668 F.3d 506, 507 (7th Cir. 2012) (recognizing that the district court "[v]acat[ed] the defendant's conviction for obstructing justice (. . . for double jeopardy reasons"), and Peel, 595 F.3d at 767 (describing the defendant's conviction for obstruction of justice as the lesser-included offense of his conviction for bankruptcy fraud because even though the obstruction conviction carried the higher statutory maximum sentence, it had fewer elements). The United States fails to cite any case in which a

---

[16] Id. at 6 n. 3 (citing Final Presentence Report, Docket Entry No. 419, pp. 19-21 ¶¶ 75-97 (sealed)).

12

court faced with a similar need to cure a double jeopardy violation chose to dismiss or vacate a greater-included offense.

Dismissing Brown's convictions for the lesser-included offenses charged in Counts 1 and 2 in favor of retaining his convictions for the greater-included offenses charged in Counts 3 and 4 will not only allow Brown to be held accountable and punished for all of his actions in this case, but also will allow the parties to offer sentencing arguments and allow the court to analyze and make findings as to the appropriate sentences for each count of conviction citing the 18 U.S.C. § 3553(a) factors. See Brown, 151 F.4th at 664 (observing that granting the United States' previously filed motion to dismiss Counts 3 and 4 took away the court's discretion to sentence Brown to anything but an aggregate life sentence, and resulted in the parties failing to offer sentencing arguments and the court failing to make findings or explain its choice of sentences citing the § 3553(a) factors).

### III. Conclusions and Order

For the reasons stated above in § II, the United States' Motion to Dismiss Counts 3 and 4 on Double Jeopardy Grounds, Docket Entry No. 554, is **DENIED**, and Brown's request to dismiss Counts 1 and 2 made in his Memorandum of Law on which Counts to Dismiss, Docket Entry No. 555, is **GRANTED**. Brown's conviction for conspiracy to commit the murder-for-hire of Celestine in violation

13

of 18 U.S.C. § 1958 charged in Count 1 of the Superseding Indictment, and Brown's conviction for aiding and abetting the intentional killing of Celestine while engaged in drug trafficking in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, charged in Count 2 of the Superseding Indictment are **DISMISSED**.

Brown's resentencing will be held on Tuesday, December 16, 2025, at 11:00 a.m. **The court will not consider any motion, brief, or other instrument filed after December 10, 2025.**

**SIGNED** at Houston, Texas, on this 21st day of November, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE